UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAWN RACE,

                                      Plaintiff,

v.                                                      6:13-CV-1501

                                                      (DNH/TWD)

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

_____

APPEARANCES:                                  OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ        PETER W. ANTONOWICZ, ESQ.
*Counsel for Plaintiff*
148 West Dominick Street
Rome, NY 13440

OFFICE OF GENERAL COUNSEL            SERGEI ADEN, ESQ.
Social Security Administration, Region II
*Counsel for Defendant*
26 Federal Plaza, Room 3904
New York, NY 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned for report and recommendation by the Honorable

David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of

New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this

Court which sets forth the procedures to be followed when appealing a denial of Social Security

benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed

below, it is recommended that the matter be remanded to the Commissioner for further proceedings

consistent with the findings set forth below.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is fifty years old.  (Dkt. No. 9-2 at 20.)  Plaintiff completed ninth grade and later

earned a cosmetology certificate.  *Id.* at 34.  She operated her own salon out of her home.  *Id.* at 35.

Plaintiff alleges disability due to pseudotumor cerebri, severe headaches, cervical disc herniations,

bulging discs, cervical arthritis, left shoulder cuff tear, visual changes, asthma, allergies, anxiety, and

depression.  (Dkt. No. 9-6 at 6.)

Plaintiff applied for Supplemental Security Income ("SSI") on May 24, 2011, with a

protective filing date of May 22, 2011.   (Dkt. No. 9-5 at 2-21; Dkt. No. 9-6 at 2.)  The application

was denied on September 23, 2011.  (Dkt. No. 9-4 at 2-4.)  Plaintiff requested a hearing before an

Administrative Law Judge ("ALJ").  *Id.* at 13.  The hearing was held on August 22, 2012.  (Dkt. No.

9-2 at 28-60.)  On November 16, 2012, the ALJ issued a decision finding that Plaintiff was not

disabled.  (Dkt. No. 9-2 at 13-21.)  The ALJ's decision became the final decision of the

Commissioner when the Appeals Council denied Plaintiff's request for review on November 1, 2013.

(Dkt. No. 9-2 at 2-4.)  Plaintiff commenced this action on December 5, 2013.  (Dkt. No. 1.)

II.     APPLICABLE LAW

A.      Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability

benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than twelve months."

42 U.S.C. § 1382c(a)(3)(A) (2006).  In addition, the plaintiff's:

physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2013). Under that five-step sequential evaluation process, the decision-maker determines:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove that the plaintiff-claimant is capable of working. *Id.*

**B.     Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct

legal standards were applied and whether substantial evidence supports the decision. *Featherly v.*

*Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F.

Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A

reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal

standards were applied, even if the decision appears to be supported by substantial evidence.

*Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination

of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g)

(2012); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  An ALJ must set forth the crucial

factors justifying his findings with sufficient specificity to allow a court to determine whether

substantial evidence supports the decision.  *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y.

2010);[1] *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

"Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'"  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258

(2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered

---

[1]      On Lexis, this published opinion is separated into two documents.  The first is
titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442  (N.D.N.Y. June 7,
2010).  It includes only the district judge's short decision adopting the magistrate judge's report
and recommendation.  The second is titled *Roat v. Commissioner of Social Security*, 717 F. Supp.
2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010).  It includes only the magistrate
judge's report and recommendation.  Westlaw includes both the district court judge's decision
and the magistrate judge's report and recommendation in one document, titled *Ross v. Barnhart*,
717 F. Supp. 2d 241 (N.D.N.Y. 2010).  The Court has used the title listed by Westlaw.

throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402

U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "To

determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing

court considers the whole record, examining the evidence from both sides, because an analysis of the

substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859

F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the

administrative record for that of the Commissioner if the record contains substantial support for the

ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v.

Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

III.     THE ALJ'S DECISION

Here, the ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since May

22, 2011; (2) Plaintiff's pseudotumor cerebri, multilevel cervical disc disease with C5-C7 nerve root

impingement, status post left rotator cuff repair, hypertension, and asthma qualify as severe

impairments; (3) none of those conditions meets or medically equals the severity of a listed

impairment; (4) Plaintiff has the residual functional capacity ("RFC") to perform sedentary work,

except that she may lift and carry ten pounds occasionally and one to three pounds frequently; (5)

Plaintiff has no past relevant work; and (6) jobs exist in significant numbers in the national economy

that Plaintiff can perform. (Dkt. No. 9-2 at 15-21.)

IV.     THE PARTIES' CONTENTIONS

Plaintiff claims that the ALJ erred by: (1) failing to properly assess Plaintiff's credibility; (2)

failing to give appropriate weight to the opinion of Plaintiff's treating physician; and (3) improperly

determining Plaintiff's RFC.[2]  (Dkt. No. 13.)

Defendant contends that the ALJ's decision applied the correct legal standards and is

supported by substantial evidence and thus should be affirmed.  (Dkt. No. 14.)

## V.    DISCUSSION

Plaintiff argues that the ALJ erred by failing to give appropriate weight to the opinion of her

treating physician, Dr. Kesava Potluri.  (Dkt. No. 13 at 18-21.)  Plaintiff is correct.

The medical opinions of a claimant's treating physician are generally given more weight than

those of other medical professionals.  "If . . . a treating source's opinion . . . is well-supported by

medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial

evidence. . . [it] will [be] give[n] controlling weight. 20 C.F.R. § 404.1527(c)(2).  Medically

acceptable techniques include consideration of a patient's report of complaints, or history, as an

essential diagnostic tool.  *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003).  Generally,

the longer a treating physician has treated the claimant and the more times the claimant has been seen

by the treating source, the more weight the Commissioner will give to the physician's medical

opinion.  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(c)(2)(i)).

An opinion from a treating source that the claimant is disabled cannot itself be determinative.

*Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  However, a lack of specific clinical findings in the

treating physician's report is not, by itself, a reason to justify an ALJ's failure to credit the physician's

opinion.  *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (citing *Schaal v. Apfel*, 134

F.3d 496 (2d Cir. 1998)).

---

[2]      The Court will discuss only Plaintiff's contention that the ALJ failed to give
appropriate weight to the opinion of Plaintiff's treating physician, as it is dispositive.

"An ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted). This analysis must be conducted to determine what weight to afford any medical opinion. 20 C.F.R. § 404.1527(c). This is necessary because the ALJ is required to evaluate every medical opinion received. *Id.; see also Zabala v. Astrue*, 595 F.3d 402 (2d Cir. 2010) (finding that the ALJ failed to satisfy the treating physician rule when he discounted a report because it was incomplete and unsigned). These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Generally, the opinion of the treating physician will not be afforded controlling weight when the treating physician issued opinions that were not consistent with those of other medical experts and is contradicted by other substantial evidence in the record. *Halloran*, 362 F.3d at 32; 20 C.F.R. § 404.1527(c)(2); *Snell*, 177 F.3d at 133 ("When other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling. And the less consistent that opinion is with the record as a whole, the less weight it will be given."). Other findings, including the ultimate finding of whether the claimant is disabled, are reserved to the Commissioner. *Snell,* 177 F.3d at 133.

The Regulations require the Commissioner's notice of determination or decision to "give good reasons" for the weight given a treating source's opinion. 20 C.F.R. § 404.1527(c)(2). This is necessary to assist the court's review of the Commissioner's decision and it "let[s] claimants

understand the disposition of their cases." *Halloran*, 362 F.3d at 33 (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). Failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *Halloran*, 362 F.3d at 32-33. However, remand is unnecessary where application of the correct legal standard could lead to only one conclusion. *Schaal*, 134 F.3d at 504.

Here, Dr. Potluri opined that Plaintiff could occasionally lift five pounds or less. (Dkt. No. 9-7 at 124.) Dr. Potluri further opined that Plaintiff could frequently lift five pounds or less. *Id.* The ALJ found, in relevant part, that Plaintiff had the RFC to "perform sedentary work . . . except that she may lift and carry 10 pounds occasionally and one to three pounds frequently." (Dkt. No. 9-2 at 17.) The ALJ stated that she was affording "significant weight" to the opinion of Dr. Potluri, who "stated that the claimant could lift up to five pounds." *Id.* at 19. In the same paragraph of the decision, however, the ALJ stated that Dr. Potluri's opinion that Plaintiff "could lift up to five pounds . . . do[es] not accurately account for the claimant's functional limitations, which are accounted for in the evidence." *Id.* The ALJ stated that, accordingly, "this part of the opinion receives minimal weight." *Id.* Regarding Plaintiff's ability to lift, the ALJ also gave only minimal weight to the opinion of consultative examiner Dr. Ganesh, who opined that Plaintiff had "moderate limitations to lifting." (Dkt. No. 9-2 at 20, Dkt. No. 9-7 at 104.) The ALJ stated that "this opinion is not entirely supported by and consistent with the medical evidence of record." (Dkt. No. 9-2 at 20.)

The ALJ's decision is ambiguous in that she simultaneously granted significant weight and minimal weight to Dr. Potluri's opinion that Plaintiff can lift five pounds or less. (Dkt. No. 9-2 at 19.) It may be that she intended to grant significant weight to Dr. Potluri's opinion regarding occasional lifting and only minimal weight to Dr. Potluri's opinion regarding frequent lifting.

8

However, the language of the decision leaves the Court in the position of guessing about the ALJ's intent.  Moreover, the ALJ did not indicate how Dr. Potluri's opinions were inconsistent with those of other medical experts or contradicted by other substantial evidence in the record.  *Halloran*, 362 F.3d at 32; 20 C.F.R. § 404.1527(c)(2); *Snell*, 177 F.3d at 133.  It is entirely unclear how the ALJ reached her determination that Plaintiff could occasionally lift ten pounds, as no medical expert reached that conclusion.  In the absence of "good reasons" for the ALJ's ambiguous opinion, remand is required.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[3] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated:  March 23, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]     Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).